CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL MAYO,<br>　　Plaintiff, | ) Civil Action No. 7:06-cv-00280<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| JUANITA MORRIS, et al.,<br>　　Defendants. | )<br>) By: Hon. Samuel G. Wilson<br>) United States District Judge |

Michael Mayo brings this suit pursuant to 42 U.S.C. § 1983, claiming that defendants violated his constitutional rights while he was incarcerated at the Albemarle Charlottesville Regional Jail when they allegedly failed to provide him with adequate medical care and were deliberately indifferent to a health hazard when they failed to disinfect immediately Mayo's jail cell bars after Mayo notified them that they were contaminated with human waste. The defendants filed a motion for summary judgment, and the court referred the matter to United States Magistrate Judge Michael F. Urbanksi pursuant to 28 U.S.C. § 636(b). The Magistrate Judge filed a Report and Recommendation, finding that Mayo had neither exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a), nor stated a claim under § 1983 regarding his inadequate medical care claim, and that defendants were not deliberately indifferent to a hazardous condition. The Magistrate Judge recommended dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mayo filed objections regarding both claims within the ten days allotted under 28 U.S.C. § 636(b), reiterating his general grievances and adding that he recently tested positive for Hepatitis B. Having reviewed the Report and Recommendation, the objections thereto, and all relevant portions of the record de novo in accordance with 28 U.S.C. § 636(b)(1), the court

finds that the Report and Recommendation's conclusions should be adopted, and therefore, that the motion for summary judgment should be granted and this action dismissed.

In objecting to the Report and Recommendation, Mayo essentially claims that his positive Hepatitis B test demonstrates that jail personnel did, in fact, deny him adequate medical care. However, the court agrees with the findings of the Report and Recommendation that Mayo's inadequate medical care claim fails on the merits, since Mayo's medical records demonstrate and Mayo admits that medical personnel examined and treated him a number of times in response to his complaints.[1]

Mayo also offers his positive Hepatitis B test to support his claim that jail personnel were deliberately indifferent to the health risk posed by a fellow inmate's human waste allegedly contacting Mayo's open sores. However, the court agrees with the Report and Recommendation that nothing suggests deliberate indifference. As stated in the Report and Recommendation, plaintiff has not forecast any evidence supporting either that defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm" existed or that they disregarded the risk by failing to take reasonable measure to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Rather, Mayo admits that prison personnel provided Mayo with cleaning supplies so that he could clean his cell and that medical staff periodically examined and treated him. The fact that Mayo has tested positive for Hepatitis B is not evidence that prison personnel were deliberately indifferent.

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the

---

[1] The Magistrate Judge also determined that Mayo failed to exhaust his inadequate medical care claim; however, the court does not address this issue.

2

conclusions in the Report and Recommendation are **ADOPTED**, that Mayo's objections are overruled, that the defendants' motion for summary judgment is **GRANTED**, and that Mayo's suit is **DISMISSED** and **STRICKEN** from the active docket of the court.

**ENTER**: This 5th day of January, 2007.

United States District Judge